1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

LEE SCOTT BAGLEY

Plaintiff,

13

14

v.

15

CITY OF SUNNYVALE, et al.,

16

Defendants.

Case No. 16-CV-02250-LHK

**ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS**

Re: Dkt. Nos. 40, 41

17

18      Plaintiff Lee Scott Bagley ("Plaintiff") sued the City of Sunnyvale ("Sunnyvale"), Officer

19   Jeromy Lima ("Officer Lima") (collectively, the "Sunnyvale Defendants"), and the County of

20   Santa Clara ("Santa Clara") pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's constitutional

21   rights.  Before the Court are Santa Clara's Motion to Dismiss Plaintiff's First Amended

22   Complaint, ECF No. 40 ("Santa Clara Mot."), and the Sunnyvale Defendants' Motion to Dismiss

23   Plaintiff's First Amended Complaint, ECF No. 41 ("Sunnyvale Mot.").  Having considered the

24   submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Santa

25   Clara's Motion to Dismiss and GRANTS IN PART and DENIES IN PART the Sunnyvale

26   Defendants' Motion to Dismiss.

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

# I.     BACKGROUND

## A.  Factual Background

In the instant suit, Plaintiff brings claims for violation of constitutional rights under 42 U.S.C. § 1983.  Some of Plaintiff's claims arise from the alleged actions of police officers during Plaintiff's arrest on December 22, 2012.  The remainder of Plaintiff's § 1983 claims involve alleged misconduct by government officials that occurred subsequent to Plaintiff's arrest.

### 1.      Plaintiff's Arrest

On December 22, 2012, Sunnyvale police officers allegedly "came to arrest [Plaintiff] without a warrant" at Plaintiff's and Plaintiff's father's house.  ECF No. 38, First Amended Complaint ("FAC") ¶ 15.  When the police arrived, Plaintiff allegedly called the Sunnyvale Police Department and was told that the police "were there to serve a bench warrant."  *Id.* ¶ 16.  Plaintiff states in the FAC that the bench warrant had been issued on the day of Plaintiff's arrest, but Plaintiff alleges that the bench warrant was obtained fraudulently and that, regardless, Plaintiff was never shown the bench warrant at the time of the arrest.  *Id.* ¶ 40.  The bench warrant was issued because Plaintiff had allegedly made false 911 calls.  *Id.* ¶¶ 42; *see also* Cal. Penal Code § 148.3(a) ("Any individual who reports . . . that an 'emergency' exists, knowing that the report is false, is guilty of a misdemeanor . . . .").  Criminal charges were brought against Plaintiff in Santa Clara County Superior Court for the false 911 calls on December 3, 2012.[1]

When the police arrived at Plaintiff's home, Plaintiff's father went outside "to see [the] warrant," and was allegedly "removed from his own property" by the police.  FAC ¶ 17.  Plaintiff alleges that Plaintiff told the police through the kitchen window, while the police were looking at Plaintiff, that Plaintiff was coming out of the house.  *Id.* ¶ 18.  Plaintiff then grabbed a sweater and

---

[1] Although Plaintiff's FAC does not specify when charges for the false 911 calls were filed against Plaintiff, the Court may take judicial notice of proceedings in other courts and publicly filed documents.  *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").  Therefore, the Court takes judicial notice of the proceedings in Santa Clara County Superior Court Criminal Case No. B1263657, in which charges were filed for the false 911 calls on December 3, 2012.

Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

1    was walking to the front door when the police kicked the front door in, pointed their guns at

2    Plaintiff, and screamed "stop resisting, quit resisting." *Id.* ¶ 20.  Plaintiff allegedly dropped the

3    sweater and put his hands up.  *Id.* ¶ 22.

4        The police then allegedly kicked their K9 police dog in order to get the dog to attack

5    Plaintiff.  *Id.* ¶ 24.  The police dog allegedly would not attack Plaintiff, so Plaintiff laid on his

6    back and "gave the K9 [Plaintiff's] arm."  *Id.* ¶ 26.  According to the FAC, the police dog put only

7    light pressure on Plaintiff's arm.  *Id.*  While Plaintiff was laying on the ground, the officer in

8    charge of the police dog still had a gun trained on Plaintiff.  *Id.* ¶ 27.  One of the officers then

9    kicked Plaintiff in the ribs, and the officer in charge of the police dog kicked the police dog and

10   yelled at it to bite Plaintiff harder.  *Id.*  The other officers held down Plaintiff's legs and Plaintiff's

11   other arm, the arm not in the police dog's mouth.  *Id.* ¶ 28.

12       Plaintiff alleges that Officer Lima then entered and checked the rest of the house to make

13   sure it was clear.  *Id.* ¶ 29.  Officer Lima then allegedly stood over Plaintiff and kicked Plaintiff in

14   the face 50 or 60 times.  *Id.* ¶ 30.  Officer Lima's actions allegedly broke four bones in Plaintiff's

15   face, which included "fractures of the left maxillary sinus walls, left orbital floor, nasal bone, and

16   zygomatic arch."  *Id.* ¶¶ 30, 32.  Due to Plaintiff's injuries, Plaintiff was transported by ambulance

17   to a hospital.  *Id.* ¶ 30.  Allegedly, the Sunnyvale police officers "harassed Plaintiff in [the]

18   emergency [room] at the hospital until [the] doctors threatened the Sunnyvale police that they

19   would call the Mountain View police."  *Id.* ¶ 33.

20       After Plaintiff was arrested, in addition to the criminal charges for false 911 calls, criminal

21   charges were brought against Plaintiff for resisting arrest on January 2, 2013.[2]

22

23   _____

24   [2] Although Plaintiff's FAC does not specify when resisting arrest charges were filed against
     Plaintiff, as noted above, the Court may take judicial notice of publicly filed documents.  *See*
25   *Black*, 482 F.3d at 1041 ("[Courts] may take notice of proceedings in other courts, both within and
     without the federal judicial system, if those proceedings have a direct relation to matters at
26   issue.").  Therefore, the Court takes judicial notice of the complaint in Santa Clara County
     Superior Court Criminal Case No. B1364096, in which charges for resisting arrest were filed on
27   January 2, 2013.

28   Case No. 16-CV-02250-LHK
     ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
     DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

### 2.       Falsification of Evidence

Plaintiff alleges that Defendants falsified evidence leading up to and during the prosecution of Plaintiff for placing false 911 calls.  First, Plaintiff alleges that the bench warrant authorizing the December 22, 2012 arrest of Plaintiff was insufficient because "there is no proof the warrant was served on the date of the incident."  FAC ¶¶ 34, 40.  Additionally, Plaintiff alleges that the warrant falsely claimed that Plaintiff "made a false 911 call on October 1, 2012."  *Id.* ¶ 42.

Second, Plaintiff alleges that the police report concerning the December 22, 2012 arrest falsely asserted that Plaintiff resisted arrest.  *Id.* ¶ 84.  That police report was allegedly the basis of resisting arrest charges filed against Plaintiff on January 2, 2013.  *Id.* ¶ 40.

Third, Plaintiff alleges that the Santa Clara County District Attorney, at an unspecified time, falsely alleged that Plaintiff had made false 911 calls.  *Id.* ¶ 41.  Plaintiff alleges that no such false 911 calls were ever placed.  *Id.*

Finally, Plaintiff alleges that, when Plaintiff asked his public defender why the public defender had not performed a background check on Officer Lima, the public defender falsely asserted that Officer Lima was not on the scene during Plaintiff's arrest on December 22, 2012.  *Id.* ¶ 43.  Additionally, Plaintiff alleges that "[t]he courts and the police said I was mistaken" about Officer Lima's presence during the arrest of Plaintiff on December 22, 2012.  *Id.* ¶ 44.

### 3.       Malicious Prosecution

Plaintiff alleges that he has been "to court numerous times" and has been subject to "prosecution overkill."  *Id.* ¶ 46.  Plaintiff alleges that, at a pre-trial conference in the criminal proceedings, the prosecutor learned that Plaintiff was planning to sue Defendants and that the prosecutor "didn't like it."  *Id.* ¶ 47.

Plaintiff alleges that, while Plaintiff was out on bond and attending all court dates and hearings, Plaintiff was forced to be mentally evaluated for competency even though Plaintiff "didn't need it."  *Id.* ¶ 48.  Plaintiff was found incompetent to stand trial, was taken into custody, and served 14 months in Santa Clara County jail.  *Id.* ¶¶ 49, 55.  Plaintiff alleges that the

Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

incompetency proceeding was a "ruse" in order to take Plaintiff into custody, despite his compliance with the terms of his bond. *Id.* ¶ 50. Plaintiff was released from jail on March 18, 2016. *Id.* ¶ 56.

**B.   Procedural History**

Plaintiff filed an administrative tort claim against Sunnyvale on January 13, 2016. *Id.* ¶ 57–59. Plaintiff filed an administrative tort claim against Santa Clara on April 24, 2016. *Id.* ¶ 58.

On April 25, 2016, Plaintiff filed the instant suit. ECF No. 1. On May 25, 2016, Defendant Santa Clara filed a motion to dismiss, ECF No. 14, and the Sunnyvale Defendants filed a motion to dismiss, ECF No. 15. On June 16, 2016, Santa Clara declined Magistrate Judge jurisdiction, ECF No. 21, and on the same day, the instant case was reassigned to the undersigned judge, ECF No. 23.

On August 8, 2016, the Court granted Defendants' motions to dismiss because Plaintiff failed to oppose the motions to dismiss. ECF No. 31. The Court provided 30 days, which would be September 7, 2016, for Plaintiff to file an amended complaint. *Id.* After a case management conference, the Court extended the time for Plaintiff to file an amended complaint to September 21, 2016. *Id.*

On September 21, 2016, Plaintiff filed the operative first amended complaint. ECF No. 38 ("FAC"). The FAC alleges various 42 U.S.C. § 1983 claims against Defendants. First, Plaintiff alleges unlawful entry and seizure as well as excessive force against Officer Lima alone. FAC ¶¶ 60–76. Second, Plaintiff alleges that Sunnyvale and Santa Clara have unconstitutional "customs, policies, practices, and/or procedures." *Id.* ¶ 77–81. Third, against all three defendants, Plaintiff alleges deliberate falsification of evidence and malicious prosecution. *Id.* ¶¶ 82–89.

On October 11, 2016, Santa Clara filed a motion to dismiss the first amended complaint. ECF No. 40 ("Santa Clara Mot."). On October 12, 2016, the Sunnyvale Defendants filed a motion to dismiss the first amended complaint. ECF No. 41 ("Sunnyvale Mot.").

United States District Court
Northern District of California

5

Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

1    On November 29, 2016, Plaintiff filed an opposition to the Sunnyvale Defendants' motion.

2    ECF No. 46 ("Sunnyvale Opp'n").  Plaintiff did not file an opposition to Santa Clara's motion, but

3    filed a duplicate copy of Sunnyvale's motion.  ECF No. 47.  Although Plaintiff did not file with

4    the Court an opposition to Santa Clara's motion to dismiss, Santa Clara's counsel has represented

5    that an opposition was served on Santa Clara.  Santa Clara has provided the Court a copy of the

6    opposition.  ("Santa Clara Opp'n").  Therefore, the Court considers Plaintiff's opposition to Santa

7    Clara's motion.

8    On December 19, 2016, Santa Clara filed a reply.  ECF No. 49 ("Santa Clara Reply").  On

9    December 21, 2016, the Sunnyvale Defendants filed a reply.  ECF No. 50 ("Sunnyvale Reply").

10   **II.    LEGAL STANDARD**

11   **A.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

12   Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

13   action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

14   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

15   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

16   defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a

17   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

18   unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  For

19   purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the

20   complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

21   party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

22   Nonetheless, the Court is not required to "'assume the truth of legal conclusions merely

23   because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064

24   (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere

25   "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

26   dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

27

28
Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

1    Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish

2    that he cannot prevail on his . . . claim." *Weisbuch v. Cty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir.

3    1997) (quoting *Warzon v. Drew,* 60 F.3d 1234, 1239 (7th Cir. 1995)).

4          **B.**     **Leave to Amend**

5          Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

6    granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate

7    decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

8    1122, 1127 (9th Cir. 2000) (en banc) (ellipses omitted).  Generally, leave to amend shall be denied

9    only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be

10   futile, or if the moving party has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512

11   F.3d 522, 532 (9th Cir. 2008).

12   **III.**     **DISCUSSION**

13        Plaintiff's FAC contains five causes of action: (1) unlawful entry and seizure, (2)

14   excessive force, (3) unconstitutional policies, practices, or procedures ("*Monell* claim"), (4)

15   deliberate falsification of evidence ("*Devereaux* claim"), and (5) malicious prosecution.  However,

16   Plaintiff does not bring every cause of action against each defendant.  Plaintiff brings an unlawful

17   entry and seizure claim, an excessive force claim, a *Devereaux* claim, and a malicious prosecution

18   claim against Officer Lima (causes of action 1, 2, 4, and 5).  Plaintiff brings a *Monell* claim, a

19   *Devereaux* claim, and the malicious prosecution claim against Sunnyvale (causes of action 3, 4,

20   and 5).  Finally, Plaintiff also brings a *Monell* claim, a *Devereaux* claim, and a malicious

21   prosecution claim against Santa Clara.

22        The Court first addresses the claims against Officer Lima, who is a Sunnyvale police

23   officer and one of the Sunnyvale Defendants.  The Court then addresses the claims against

24   Sunnyvale, the city, and the claims against Santa Clara, the county.  The Court finally addresses

25   Defendants' arguments that Plaintiff's prayers for punitive damages and attorney's fees should be

26   dismissed.

27

28       Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

### A.     Officer Lima

Plaintiff brings claims for unlawful entry and seizure, excessive force, *Devereaux* liability, and malicious prosecution against Officer Lima.  The Court addresses each in turn.

#### 1.     Unlawful Entry and Seizure and Excessive Force Claims

##### a.     Statute of Limitations

The Sunnyvale Defendants argue that the claims for unlawful entry and seizure and excessive force are barred by the relevant statute of limitations.  Sunnyvale Opp'n at 6–8.  "Section 1983 does not contain its own statute of limitations."  *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).  Instead, "federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  *Id.* (citation and internal quotation marks omitted).  California's statute of limitations for personal injury claims is two years.  *See* Cal. Civ. Proc. Code § 335.1 ("Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another.").  The Court may grant a motion to dismiss based on a statute of limitations if it is "apparent on the face of the complaint" that the limitations period has expired.  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011).

Plaintiff bases his claim for unlawful entry and seizure and excessive force on the events surrounding Plaintiff's arrest on December 22, 2012.  Therefore, under California's two-year statute of limitations, Plaintiff needed to file the instant suit against Officer Lima by December 22, 2014.  However, Plaintiff filed the instant suit on April 25, 2016, approximately 1.5 years after the expiration of the statute of limitations.  Therefore, unless tolling applies, the claims for unlawful entry and seizure and excessive force are untimely.

With respect to tolling, California Government Code § 945.3 states that:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the

8

accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.

Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

Cal. Gov't Code § 945.3.  The Ninth Circuit has held that § 945.3's prohibition of filing suit during the pendency of criminal charges does not apply to § 1983 claims.  *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989) (finding a prohibition on filing § 1983 claims invalid under the Supremacy Clause).  However, "section 945.3's tolling provision may still apply to toll the limitations period [for § 1983 claims] while criminal actions are pending against the potential plaintiff."  *Id.*  However, as described in § 945.3, tolling only applies if the civil claim "relat[es] to the [criminal] offense for which the accused is charged."  Cal. Gov't Code § 945.3.

Here, the FAC refers to two criminal charges that are potentially related to the civil claims for unlawful entry and seizure and excessive force.  First, Plaintiff was charged with making false 911 calls.  Second, Plaintiff was charged with resisting arrest.  FAC ¶ 40, 46.  The Court first addresses whether these two criminal charges are related to the claims for unlawful entry and seizure and excessive force within the meaning of § 945.3.  The Court then addresses whether those charges were pending for a sufficient amount of time to make Plaintiff's civil claims timely.

For the reasons below, the Court finds that the charges for resisting arrest and the false 911 calls are related to Plaintiff's unlawful entry and seizure and excessive force claims.  First, with respect to the resisting arrest charge, Plaintiff's § 1983 claims for unlawful entry and seizure and excessive force are based on the events that occurred during Plaintiff's December 22, 2012 arrest, and the resisting arrest charge against Plaintiff arises out of the same events.  The Ninth Circuit has held that charges for "resisting and obstructing an officer" are related to civil claims arising out of the arrest in which the criminal defendant allegedly resisted, and can therefore toll the statute of limitations.  *Torres v. City of Santa Ana*, 108 F.3d 224, 225 (9th Cir. 1997).  As in *Torres*, the criminal charges for resisting arrest here are related to Plaintiff's unlawful entry and seizure and excessive force claims and can toll the statute of limitations for the time that those

Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

1   charges were pending.

2        Second, the false 911 call charge is also related to the civil claim for unlawful entry and

3   seizure and excessive force within the meaning of § 945.3 based on the explicit statutory language

4   of § 945.3.  Section 945.3 states that a civil claim is related to criminal charges where the civil

5   cause of action arises from "an act or omission in . . . arresting or detaining the" party accused of

6   the criminal offense.  Cal. Gov't Code § 945.3.  Here, Plaintiff was arrested on December 22,

7   2012 as the result of a bench warrant issued for the false 911 call offense, and Plaintiff's civil

8   claims for unlawful entry and seizure and excessive force arise from that arrest.  Therefore,

9   because Plaintiff's unlawful entry and seizure and excessive force claims arise from "an act or

10  omission in . . . arresting" Plaintiff for the false 911 calls, the false 911 call charge is related to the

11  unlawful entry and seizure and excessive force claims.  *See Hill v. City of L.A.*, 2009 WL

12  2601250, at *4 (C.D. Cal. Aug. 21, 2009) (finding excessive force claim to be related to the crime

13  for which the accused was arrested, possession of narcotics).  Accordingly, the false 911 charge

14  can toll the statute of limitations for the amount of time it was pending.

15       The Court next turns to whether § 945.3 tolls the statute of limitations for an adequate

16  amount of time.  The record in the instant case does not indicate whether the charges against

17  Plaintiff are still pending in the Superior Court.  Nonetheless, the criminal charges may make

18  Plaintiff's claims for unlawful entry and seizure and excessive force timely if they were pending

19  for a sufficient amount of time.  As noted above, Plaintiff's claims for unlawful entry and seizure

20  and excessive force accrued on December 22, 2012, the day Plaintiff was arrested.  The charges

21  for the false 911 calls were already pending at the time of the arrest, and the charges for resisting

22  arrest were filed on January 2, 2013.  According to the FAC, both of these criminal charges were

23  pending against Plaintiff at least until January 3, 2015 when Plaintiff was allegedly remanded to

24  state court custody for mental incompetence.  Thus, applying § 945.3 tolling, the two-year statute

25  of limitations began to run on January 3, 2015, which means that Plaintiff needed to file his civil

26  claims arising from his December 22, 2012 arrest on or before January 3, 2017.  Plaintiff met this

27

28  Case No. 16-CV-02250-LHK
    ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
    DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

1   new deadline by filing the civil case on April 25, 2016.  Therefore, based on the facts alleged in

2   the FAC, Plaintiff's claims arising from Plaintiff's December 22, 2012 arrest are timely.

3          The Sunnyvale Defendants argue that the Ninth Circuit's decision in *Torres v. City of*

4   *Santa Ana*, 108 F.3d 224, prevents tolling based on the false 911 charges.  However, Sunnyvale

5   fails to discuss the charge against Plaintiff for resisting arrest.  In fact, as discussed above, *Torres*

6   explicitly holds that a charge for "resisting and obstructing an officer" can toll the statute of

7   limitations for a civil claim arising out of the arrest in which the criminal defendant allegedly

8   resisted.  *Torres*, 108 F.3d at 225.  Therefore, *Torres* does not prevent, and in fact supports, tolling

9   based on the charge for resisting arrest.

10         Additionally, *Torres* does not prevent tolling based on the false 911 call charge either.  In

11  *Torres*, the criminal defendant was arrested in 1994 for "prowling" and "resisting and obstructing

12  an officer."  *Id.*  The criminal defendant was charged for the crimes for which he was arrested.  *Id.*

13  The criminal defendant was also given notice that he was being charged for violating the terms of

14  his probation, which had been imposed in 1991 after he pled guilty to robbery.  *Id.*  In 1995, the

15  criminal defendant sued the City of Santa Ana and individual officers for excessive force during

16  the course of his arrest.  *Id.*

17         The Ninth Circuit held that under § 945.3, the civil cause of action could be tolled by the

18  charges filed for prowling and resisting and obstructing an officer because the cause of action

19  arose from the arrest for those crimes.  *Id.* at 226–27.  However, the Ninth Circuit held that the

20  charge for violation of probation did not toll the statute of limitations for the civil action.  *Id.* at

21  228.  The Court reached this conclusion because "a 'probation revocation hearing arises as a

22  continuing consequence of the probationer's original conviction.'"  *Id.* (citation omitted).  Thus,

23  the Court held that although the arrest triggered the probation revocation hearing, it did not relate

24  to it.

25         Here, in contrast, the specific issues arising with probation revocation hearings are not at

26  issue.  Plaintiff's criminal charge for the false 911 call was not simply "triggered" by the arrest,

27

28                                              11

1   but was the reason the arrest occurred.  Therefore, because the instant case does not involve the

2   specific legal principles involved in probation hearings, *Torres* does not prevent application of the

3   plain language of § 945.3, which states that criminal charges are related to civil claims that arise

4   out of "an act or omission in . . . arresting" the accused.  Accordingly, the false 911 call charge

5   and the civil claims are related and § 945.3 tolling applies to toll Plaintiff's § 1983 claims for

6   unlawful entry and seizure and excessive force.

7           Therefore, Plaintiff's criminal charges for making false 911 calls and resisting arrest tolled

8   the statute of limitations for Plaintiff's civil claims for unlawful entry and seizure and excessive

9   force.  Thus, these civil claims are timely.

10                      **b.**         **Unlawful Entry and Seizure Claim Against Officer Lima**

11          The Sunnyvale Defendants argue that the claim for unlawful entry and seizure should be

12  dismissed because "[t]he allegations show that officers entered and searched plaintiff's home and

13  detained him pursuant to a facially valid [bench] warrant, notwithstanding [Plaintiff's] claims that

14  [the bench warrant] was issued based on false information."  Sunnyvale Mot. at 9.  Additionally,

15  the Sunnyvale Defendants argue that Officer Lima cannot be held liable for the acts and omissions

16  of the other officers.  *Id.* at 10.

17          An officer does not violate the United States Constitution by acting pursuant to a facially

18  valid bench warrant.  *Erdman v. Cochise Cty.*, 926 F.2d 877, 882 (9th Cir. 1991) ("The second

19  arrest alone was not a constitutional violation because it was pursuant to a facially valid bench

20  warrant.").  Additionally, "[i]t is well established that, in an action for unlawful arrest pursuant to

21  a facially valid warrant, a police officer is entitled to qualified immunity unless 'no officer of

22  reasonable competence would have requested the warrant.'"  *Case v. Kitsap Cty. Sheriff's Dep't*,

23  249 F.3d 921, 926 (9th Cir. 2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)); *see also*

24  *Barlow v. Ground*, 943 F.2d 1132, 1139 (9th Cir. 1991) ("A police officer generally has qualified

25  immunity for conducting an unconstitutional search if he is acting on the basis of a facially valid

26  warrant.");  *Mills v. Graves*, 930 F.2d 729, 731 (9th Cir. 1991) (noting that "immunity will be lost

27

28  Case No. 16-CV-02250-LHK
    ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
    DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

1    only where the warrant application is so lacking in indicia of probable cause as to render official

2    belief in its existence unreasonable").

3            Here, Plaintiff alleges that (1) the officers had no physical proof of a warrant in their

4    possession when they arrested Plaintiff, and (2) the warrant was obtained by fraudulent means.

5    FAC ¶ 38, 40.  As discussed below, these two allegations do not prevent dismissal of the first

6    claim of the FAC.

7            As to Plaintiff's allegation that the officers were required to show Plaintiff the warrant,

8    Plaintiff is incorrect.  "The United States Supreme Court has not interpreted the Fourth

9    Amendment to the United States Constitution as requiring the officer executing the search warrant

10   to display the warrant or provide defendant a copy of it."  *People v. Calabrese*, 101 Cal. App. 4th

11   79, 84 (2002).  Indeed, the Court is unaware of any decision finding a constitutional violation

12   based on an officer's failure to present a physical copy of a warrant during an arrest.  *See United*

13   *States v. Buckner*, 717 F.2d 297, 301 (6th Cir. 1983) ("The fact that the officers did not have the

14   arrest warrant in hand is of no consequence.").  Moreover, Plaintiff pleads that he called the

15   Sunnyvale Police Department and was told that the officers "were there to serve a bench warrant."

16   FAC ¶ 16.  Additionally, Plaintiff was provided the warrant "at a later date."  *Id.* ¶ 38.  Therefore,

17   the officer's failure to show the arrest warrant to Plaintiff does not create a constitutional violation

18   cognizable under § 1983.

19           The Court next discusses whether the arrest was a constitutional violation because the

20   warrant for Plaintiff's arrest was allegedly fraudulent, and thus invalid.  Plaintiff was arrested

21   pursuant to a bench warrant for making a false 911 call on October 1, 2012, a misdemeanor.  FAC

22   ¶ 40–42.  Plaintiff, however, alleges that "[t]his call never happened the way it was stated" and

23   that "[i]n order to grant a warrant[,] it was under [sic] perjury."  *Id.* ¶ 42.  However, the bench

24   warrant itself, which the Court considers pursuant to the Sunnyvale Defendants' request for

25   judicial notice,[3] above, was signed by a magistrate and was issued approximately 11 days before

26

27   ──────────────
     [3] As noted in footnotes 2 and 3, above, the Court may take judicial notice of publicly filed

28
     Case No. 16-CV-02250-LHK
     ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
     DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

the arrest.  ECF No. 41-1.  Moreover, the FAC contains no factual allegation to indicate that Officer Lima believed that the bench warrant was invalid, or connecting Officer Lima to the alleged perjury used to obtain the bench warrant.  As discussed further below, even though Plaintiff brings a falsification of evidence claim against Officer Lima, Plaintiff has not alleged any facts that indicate that Officer Lima was involved in obtaining the warrant or was aware that the police report on which it was based was false.  Thus, it appears that Officer Lima was acting "pursuant to a facially valid warrant." *Erdman*, 926 F.2d at 882.  Therefore, the Court GRANTS the Sunnyvale Defendants' motion to dismiss.  The Court provides leave to amend because Plaintiff may be able to allege facts that establish a false arrest claim.

Plaintiff also requests leave to amend the FAC to add the other officers that were allegedly involved in the unlawful arrest.  Plaintiff asserts that he will add allegations concerning "Officers Kassel, Himenes, Wilkes, Gottfred, and Winkleman."  Sunnyvale Opp'n at 5.  In response, the Sunnyvale Defendants argue that such an amendment would be futile based on the statute of limitations and because the arrest warrant was facially valid.  Sunnyvale Reply at 6.

"The Court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger*, 512 F.3d at 532.  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  Here, Sunnyvale has not argued that it would suffer undue

---

documents.  *See, e.g.*, *Black*, 482 F.3d at 1041 ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").  Therefore, the Court takes judicial notice of the warrant for Plaintiff's arrest arising from the false 911 calls, which was filed in Santa Clara County Superior Court Criminal Case No. B1263657.  ECF No. 41-1 (noting that warrant was filed in state court).  However, to the extent any of the facts in the warrant are disputed, the Court does not take judicial notice of those facts.  *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute.") (internal quotation marks omitted), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

1    prejudice through the addition of additional defendants.  Indeed, the Court has stayed discovery in

2    the instant case.  *Compare Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (finding prejudice

3    where the "parties have engaged in voluminous and protracted discovery").  Additionally, the

4    Court cannot conclude that such amendment would be futile because, as discussed above, the

5    statute of limitations was tolled in the instant suit and allegations may be made that the officers at

6    issue knew the arrest warrant was invalid.

7                  **c.**       **Excessive Force Claim Against Officer Lima**

8        The Sunnyvale Defendants do not argue that Plaintiff has insufficiently pled an excessive

9    force cause of action against Officer Lima.  Indeed, the FAC alleges that Officer Lima kicked

10    Plaintiff in the face 50 or 60 times.  FAC ¶ 30.  Instead, the Sunnyvale Defendants argue that

11    Officer Lima cannot be held liable for the acts and omissions of the other officers present during

12    Plaintiff's December 22, 2012 arrest.  However, the FAC does not allege that Officer Lima is

13    responsible for the actions of all of the other officers.  The FAC simply provides factual context

14    which includes the actions of other officers.  Therefore, this argument does not provide a basis to

15    grant the Sunnyvale Defendants' motion to dismiss.

16        Accordingly, the Court DENIES the Sunnyvale Defendants' motion to dismiss with

17    respect to the excessive force claim against Officer Lima.  As with the first cause of action for

18    unlawful entry and seizure, Plaintiff requests to add the other officers in an amended complaint.

19    Sunnyvale Opp'n at 6.  The Sunnyvale Defendants argue that such amendment would be futile

20    because the claim is time-barred, but they do not argue that Sunnyvale would be prejudiced.

21    Sunnyvale Reply at 7.  For the same reasons that the Court provided leave to add additional officer

22    defendants on the unlawful arrest claim, the Court grants Plaintiff's request to add additional

23    officer defendants.

24                **2.**      ***Devereaux* Claim Against Officer Lima**

25        Plaintiff alleges a *Devereaux* claim against Officer Lima.  "A *Devereaux* claim is a claim

26    that the government violated the plaintiff's due process rights by subjecting the plaintiff to

27

28    Case No. 16-CV-02250-LHK

15

ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

*United States District Court*
*Northern District of California*

criminal charges based on deliberately-fabricated evidence." *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc)). "To state a plausible claim for deliberate fabrication of evidence under [*Devereaux*], the plaintiff must: (1) identify the evidence alleged to have been fabricated; and (2) state facts to show that the fabrication was deliberate." *Trulove v. City & Cty. of S.F.*, 2016 WL 5930634, at *5 (N.D. Cal. Oct. 12, 2016) (citing *Bradford*, 803 F.3d at 386).

"[T]here are two circumstantial methods of proving that the falsification was deliberate." *Bradford*, 803 F.3d at 386 (citation and internal quotation marks omitted). First, a defendant's deliberate intent can be shown if "the defendant continued his investigation of the plaintiff even though he knew or should have known that the plaintiff was innocent." *Id.* (citation omitted). Second, a plaintiff can establish deliberate intent by showing that the defendant used "investigative techniques that were so coercive and abusive that [he] knew or should have known that those techniques would yield false information." *Id.* (alteration in original)

Plaintiff's *Devereaux* claim is based on (1) the use of "false information" to secure the warrant for Plaintiff's arrest, (2) false information in the police reports about Plaintiff's arrest, and (3) the use of "investigative techniques that were so coercive and abusive that [Defendants] knew or should have known that those techniques would yield false information." FAC ¶¶ 82–85. The Sunnyvale Defendants argue that "plaintiff fails to state facts showing that Officer Lima provided false information to secure the warrant, or at all, and Officer Lima is not liable for the alleged conduct of others." Sunnyvale Mot. at 14. The Court addresses Plaintiff's three allegations in turn.

First, with respect to the arrest warrant, Plaintiff alleges that "Defendants and Sunnyvale police officers provided false information to secure the warrant for Plaintiff's alleged offense" involving a false 911 call. FAC ¶ 83. The FAC then specifies that "[t]he warrant was issued as the result of Sunnyvale Police Report 12-8257," which stated that Plaintiff "made repeated calls to Sunnyvale DPS and Santa Clara Police reporting false non-emergency incidents." *Id.* ¶ 83.

Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

Plaintiff pleads no facts that show that Officer Lima, as opposed to any other officer, "provided false information to secure the warrant." *Id.* ¶ 83.  Indeed, in the subsequent sentence, which clarifies that the false arrest warrant was obtained through the submission of an allegedly false police report, there is no allegation that Officer Lima had any involvement with the creation of the allegedly false police report.  Even if the police report that served as the basis of the warrant were false, Plaintiff alleges no facts to indicate that Officer Lima, or any other officer involved with Plaintiff's arrest, knew that the police report was false.  Therefore, Plaintiff has not alleged the existence of evidence that would show that any falsification was "deliberate," or that any officer "knew or should have known" that Plaintiff was innocent.  *Trulove*, 2016 WL 5930634 at *5.  Thus, Plaintiff fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Second, Plaintiff alleges that "Defendants and Sunnyvale police officers provided false information in the police report detailing" Plaintiff's December 22, 2012 arrest.  FAC ¶ 84.  The FAC alleges that the "Police Canine Report" states that Plaintiff "was wanted for an outstanding arrest warrant," that "a police canine was used to apprehend" Defendant, and that Defendant "fled from police and physically fought with arresting officers." *Id.*  Plaintiff alleges this report is false because "Plaintiff did not flee or fight the arresting officers and Plaintiff did not resist his arrest." *Id.*

However, as with the allegations concerning the arrest warrant, the FAC contains no allegation that Officer Lima, as opposed to other officers, made the allegedly false statements that were used in the police report.  In fact, Plaintiff alleges that the police report at issue was the "Police Canine Report," which implies that the police report was actually written by the officer in charge of the police dog that was present during Plaintiff's arrest. *Id.*  There is no allegation of facts indicating that Officer Lima took part in writing or provided any false statements for the writing of the Police Canine Report.

Finally, Plaintiff alleges that Defendants used "investigative techniques that were so

17

Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

coercive and abusive that [Defendants] knew or should have known that those techniques would yield false information" by using physical force to arrest Plaintiff, restraining Plaintiff at the hospital, and remanding Plaintiff to jail. *Id.* ¶ 85. However, none of these three alleged actions were techniques that "yield[ed]" information, let alone false information. Therefore, these "investigative techniques" cannot be the basis of Plaintiff's *Devereaux* claim.

Therefore, the Court GRANTS the Sunnyvale Defendant's Motion to Dismiss as to the claim against Officer Lima for falsification of evidence under *Devereaux*. The Court provides leave to amend because Plaintiff may be able to allege facts that actually connect Officer Lima to the falsifications that Plaintiff alleges.

### 3.    Malicious Prosecution Claim Against Officer Lima

"[T]he general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy." *Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987). "However, 'an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights.'" *Id.* (citations omitted).

The Ninth Circuit "look[s] to California law" when analyzing § 1983 claims for malicious prosecution "because [the Ninth Circuit] ha[s] incorporated the relevant elements of the common law tort of malicious prosecution into our analysis under § 1983." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004). "In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause." *Usher*, 828 F.2d at 562.

In addition, "[a]n individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." *Awabdy*, 368 F.3d at 1068. For the termination of a proceeding to be considered favorable, it generally must involve a "determination on the merits." *Jaisinghani v. Byrne*, 120 F. App'x 47,

18

United States District Court
Northern District of California

1   49 (9th Cir. 2005) (citing *Villa v. Cole*, 4 Cal. App. 4th 1327, 1336 (1992)).  However, a

2   termination "short of a complete trial on the merits" may serve as a favorable termination "if it

3   reflects the opinion of the prosecuting party or the court that the action lacked merit or would

4   result in a decision in favor of the defendant." *Awabdy*, 368 F.3d at 1068 (citations omitted).

5         Here, Plaintiff asserts a malicious prosecution claim against Officer Lima.  However,

6   Plaintiff has not made allegations that indicate that the "prior proceedings terminated in such a

7   manner as to indicate [Plaintiff's] innocence." *Id.* at 1068.  Plaintiff alleges that, after a mental

8   competency evaluation, Plaintiff was found to be incompetent and, as a result, served 14 months

9   in Santa Clara County Jail.  FAC ¶¶ 48–50.  However, Plaintiff does not allege whether the

10  charges against him have been terminated or whether such termination involved a decision on the

11  merits.  Therefore, Plaintiff has insufficiently pled a malicious prosecution claim.

12        Accordingly, the Court GRANTS the Sunnyvale Defendant's Motion to Dismiss the FAC

13  with respect to the claim for malicious prosecution against Officer Lima.  The Court provides

14  leave to amend because Plaintiff may be able to allege facts to support a theory that Officer Lima

15  took actions that satisfy the requirements of malicious prosecution as described in *Awabdy*.

16        **B.      Sunnyvale**

17        As discussed above, Plaintiff brings *Monell*, *Devereaux*, and malicious prosecution claims

18  against Sunnyvale.  A local government may not be sued under a theory of respondeat superior for

19  injuries inflicted by its employees or agents.  *Monell v. Dep't of Social Servs. of City of N.Y.*, 436

20  U.S. 658, 691 (1978).  However, "[l]ocal governing bodies . . . can be sued directly under § 1983

21  for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be

22  unconstitutional implements or executes a policy statement, ordinance, regulation, or decision

23  officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690.

24        Specifically, under *Monell*, a plaintiff may establish municipal liability by demonstrating

25  that "(1) the constitutional tort was the result of a longstanding practice or custom which

26  constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was

27

28
19

Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

1    an official whose acts fairly represent official policy such that the challenged action constituted

2    official policy; or (3) an official with final policy-making authority delegated that authority to, or

3    ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

4    Additionally, in "limited circumstances," the failure to train municipal employees can serve as the

5    policy underlying a *Monell* claim. *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997).

6         Moreover, a plaintiff must demonstrate that the government's official policy or custom was

7    the "moving force" responsible for the infliction of the plaintiff's injuries. *Monell*, 436 U.S. at

8    694. "A policy or custom is considered a 'moving force' behind a constitutional violation if both

9    causation-in-fact and proximate causation can be established." *Palm v. L.A. Dep't of Water &*

10   *Power*, 2015 WL 4065087, at *2 (C.D. Cal. July 2, 2015) (citing *Harper v. City of L.A.*, 533 F.3d

11   1010, 1026 (9th Cir. 2008)).

12        However, even if a policy involving constitutional violations exist, "[i]f a person has

13   suffered no constitutional injury at the hands of the individual police officer, the fact that the

14   departmental regulations might have *authorized* the [constitutional violation] is quite beside the

15   point." *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); *see also Yousefian v. City of Glendale*,

16   779 F.3d 1010, 1016 (9th Cir. 2015) ("[M]unicipalities cannot be held liable when the individual

17   police officer has inflicted no constitutional injury.").

18        Previously, the Ninth Circuit held that "[i]n this circuit, a claim of municipal liability under

19   § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more

20   than a bare allegation that the individual officers' conduct conformed to official policy, custom, or

21   practice." *A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). However,

22   "[t]he Ninth Circuit has made clear that claims of *Monell* liability must now comply with the basic

23   principles set forth in *Twombly* and *Iqbal*: (1) the complaint "may not simply recite the elements

24   of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice

25   and to enable the opposing party to defend itself effectively;" and (2) the "factual allegations that

26   are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require

27

28   Case No. 16-CV-02250-LHK
     ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
     DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

20

1   the opposing party to be subjected to the expense of discovery and continued litigation." *A.E.,* 666

2   F.3d at 636–37 (9th Cir. 2012) (quoting *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011)).

3          The Court first discusses Plaintiff's *Devereaux* claim, then discusses Plaintiff's malicious

4   prosecution claim, and finally discusses the general claim for *Monell* liability.

5                    **1.    *Devereaux* Claim Against Sunnyvale**

6          Plaintiff alleges that Sunnyvale is liable under *Devereaux* because Sunnyvale police

7   officers allegedly (1) used "false information" to secure the warrant for Plaintiff's arrest, (2) used

8   false information in the police reports about Plaintiff's arrest, and (3) used "investigative

9   techniques that were so coercive and abusive that [Defendants] knew or should have known that

10  those techniques would yield false information." FAC ¶¶ 82–85.  Thus, Plaintiff seeks to hold

11  Sunnyvale liable for the actions of its employees.  However, claims based on employee actions are

12  barred unless Plaintiff can establish *Monell* liability.  *Monell*, 436 U.S. at 691 ("[A] municipality

13  cannot be held liable under § 1983 on a respondeat superior theory.").  As noted in the prior

14  section, *Monell* liability only attaches where (1) the tort resulted from a custom, policy, or

15  practice, (2) the tortfeasor was an official who "fairly represent[s] official policy," (3) an official

16  with policymaking authority ratified the tortfeasor's actions, or (4) the municipality failed to

17  adequately train the tortfeasors.  *Price*, 513 F.3d at 966.  Additionally, to establish *Monell* liability,

18  an individual employee must have committed a constitutional violation.  *Heller*, 475 U.S. at 799

19  ("If a person has suffered no constitutional injury at the hands of the individual police officer, the

20  fact that the departmental regulations might have authorized the [constitutional violation] is quite

21  beside the point.").

22         Here, the Court held in the section concerning Officer Lima's *Devereaux* liability, above,

23  that Plaintiff has inadequately alleged a *Devereaux* claim against Officer Lima, the only officer

24  that Plaintiff has accused of a constitutional violation in the FAC.  Under *Heller*, an individual

25  officer must have committed a constitutional violation to bring a claim against the municipality

26  employing that officer.  *Heller*, 475 U.S. at 799.  Therefore, because the *Devereaux* claim against

27

28  Case No. 16-CV-02250-LHK
    ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
    DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Officer Lima fails, Plaintiff cannot establish *Monell* liability, and Plaintiff's *Devereaux* claim

2    against Sunnyvale also fails.

3       Accordingly, the Court GRANTS the Sunnyvale Defendant's motion to dismiss as to

4    Plaintiff's claims for *Devereaux* liability against Sunnyvale.  The Court provides leave to amend

5    because Plaintiff may be able to allege facts indicating a constitutional violation by Officer Lima

6    and a Sunnyvale policy that caused that violation.

7              **2.**      **Malicious Prosecution Claim Against Sunnyvale**

8       With respect to Plaintiff's malicious prosecution claim, Plaintiff alleges that "Defendants

9    made false police reports and provided false and/or misleading information that directly resulted in

10   the detention, arrest, imprisonment and malicious prosecution of Plaintiff based on fabricated

11   and/or misleading statements."  FAC ¶ 86.  Plaintiff also alleges that "Defendants . . . made

12   deliberately false statements or recklessly disregarded the truth in the affidavit prepared to secure[]

13   the bench warrant and those falsifications were material to the finding of probable cause and the

14   issuance of the alleged warrant."  *Id.* ¶ 87.  As with the *Devereaux* claim, Sunnyvale can only be

15   held liable under a *Monell* theory of liability.  *Monell*, 436 U.S. at 691 ("[A] municipality cannot

16   be held liable under § 1983 on a respondeat superior theory.").  To establish *Monell* liability, an

17   individual employee must have committed a constitutional violation.  *Heller*, 475 U.S. at 799 ("If

18   a person has suffered no constitutional injury at the hands of the individual police officer, the fact

19   that the departmental regulations might have authorized the [constitutional violation] is quite

20   beside the point.").

21       In the section concerning Officer Lima, the Court held that Plaintiff has failed to state a

22   claim for malicious prosecution against Officer Lima because Plaintiff failed to allege that the

23   "prior proceedings terminated in such a manner as to indicate his innocence."  *Usher*, 828 F.2d at

24   562.  Under *Heller*, Plaintiff's failure to adequately plead a claim against Officer Lima means that

25   that there is no underlying constitutional violation for which Sunnyvale can be held liable under

26   *Monell.  See Heller*, 475 U.S. at 799 (requiring that Plaintiff suffered a "constitutional injury at the

27

28   Case No. 16-CV-02250-LHK
     ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
     DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

1    hands of the individual police officer" for *Monell* liability to attach).

2        Accordingly, the Court GRANTS the Sunnyvale Defendant's motion to dismiss as to

3    Plaintiff's claims for malicious prosecution against Sunnyvale.  The Court provides leave to

4    amend because Plaintiff may be able to allege facts indicating a constitutional violation by Officer

5    Lima and a Sunnyvale policy that caused that violation.

6            **3.    *Monell* Claim Against Sunnyvale**

7        In addition to Plaintiff's claims for *Devereaux* liability and malicious prosecution, Plaintiff

8    also brings a separate *Monell* claim.  Plaintiff brings his *Monell* claim for excessive force,

9    unlawful arrest, and falsification of evidence.  FAC ¶ 78.  As an initial matter, Plaintiff's claim for

10   *Monell* liability based on falsification of evidence against Sunnyvale fails for the same reason as

11   Plaintiff's *Devereaux* and malicious prosecution claims against Sunnyvale.  For both the

12   *Devereaux* claim and the malicious prosecution claim, the Court held that *Monell* liability was not

13   available.  Specifically, in the prior two sections, the Court noted that, under *Heller*, a Plaintiff

14   must establish that an individual officer committed a constitutional violation to establish *Monell*

15   liability.  *Heller*, 475 U.S. at 799.  The Court then held that because Plaintiff failed to state a claim

16   under *Devereaux* or for malicious prosecution against Officer Lima, Plaintiff could not establish

17   *Monell* liability for the *Devereaux* claim or malicious prosecution claim against Sunnyvale.

18       For the *Monell* claim in this section based on falsification of evidence, the same principle

19   applies.  The only constitutional violations that have been alleged against an individual officer in

20   the FAC that involve "falsification of evidence" are the *Devereaux* claim and malicious

21   prosecution claim against Officer Lima.  Thus, under *Heller*, because Plaintiff fails to establish

22   that an individual officer committed a constitutional violation involving falsification of evidence,

23   Plaintiff's separate claim under *Monell* for falsification of evidence also fails.

24       The Court next addresses the *Monell* claim based on alleged policies involving excessive

25   force and unlawful arrest.

26       Plaintiff pleads that the "actions and/or omissions of Defendants[] were pursuant to

27

28   Case No. 16-CV-02250-LHK
     ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
     DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

23

United States District Court
Northern District of California

1  customs, policies, practices, and/or procedures of [Sunnyvale and Santa Clara] . . . which were

2  directed, encouraged, allowed, and/or ratified by policy making officers for [Sunnyvale and Santa

3  Clara]." FAC ¶ 78. Plaintiff alleges that Sunnyvale has the custom, policy, or practice (1) "[t]o

4  use or tolerate the use of excessive and/or unjustified force;" (2) "[t]o unlawfully arrest individuals

5  without probable cause;" and (3) "[t]o cover up violations of constitutional rights." *Id.* ¶ 78. The

6  third "custom, policy, or practice" is composed of the cover up of "violations of constitutional

7  rights . . . by failing to properly investigate and/or evaluate complaints or incidents of excessive

8  and unreasonable force and unlawful seizures; [and] by ignoring and/or failing to properly and

9  adequately investigate and/or investigate and discipline unconstitutional or unlawful law

10 enforcement activity." *Id.*

11      With respect to causation, Plaintiff alleges that the "aforementioned customs, policies,

12 practices and procedures . . . were a moving force and/or proximate cause of deprivations of

13 Plaintiff's clearly established and well-settled constitutional rights." *Id.* ¶ 79.

14      As discussed above, *Monell* liability only attaches if the policy at issue is (1) the moving

15 force behind the violation, and (2) one of the four theories of *Monell* liability are present. For the

16 four *Monell* liability theories, Plaintiff must plead that (1) the tort resulted from a custom, policy,

17 or practice, (2) the tortfeasor was an official who "fairly represent[s] official policy," (3) an

18 official with policymaking authority ratified the tortfeasor's actions, or (4) the municipality failed

19 to adequately train the tortfeasors. *Price*, 513 F.3d at 966; *Brown*, 520 U.S. at 400 (failure to

20 train).

21      The Court first addresses causation, then addresses whether Plaintiff has adequately

22 alleged a "longstanding practice or custom" for which Sunnyvale can be held liable, then discusses

23 whether a "failure to train" theory has been adequately alleged, and finally addresses whether the

24 tortfeasor was an official who fairly represents official policy or whether an official with

25 policymaking authority ratified the tortfeasor's actions.

26          **a.      Causation**

27                                                          24

28 Case No. 16-CV-02250-LHK
   ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
   DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

1   As discussed above, Plaintiff must adequately allege that the government's official policy

2   or custom was the "moving force" behind Plaintiff's injuries.  *Monell*, 436 U.S. at 694.  Although

3   Plaintiff recites this element in his FAC, he provides no facts that indicate that any of the officer's

4   actions were caused by the alleged customs, policies, and practices.  In *Dougherty v. City of*

5   *Covina*, 654 F.3d 892 (9th Cir. 2011), the Ninth Circuit held that it was insufficient to allege that

6   "Defendant CITY's policies and/or customs caused the specific violations of Plaintiff's

7   constitutional rights at issue in this case."  *Id.* at 900.  Here, Plaintiff solely alleges that the

8   "aforementioned customs, policies, practices and procedures . . . were a moving force and/or

9   proximate cause of deprivations of Plaintiff's clearly established and well-settled constitutional

10  rights."  FAC ¶ 79.  As in *Covina*, Plaintiff's allegations of causation are conclusory and do not

11  make a causal connection between the custom, policy, or practice at issue and any particular

12  violation of a constitutional right.  Therefore, Plaintiff has insufficiently alleged the causation

13  necessary to establish *Monell* liability.

14                          b.        **Custom, Policy, and Practice**

15  Even if causation were sufficiently alleged, the Court would find, as discussed below, that

16  Plaintiff has insufficiently alleged a custom, policy, or practice to establish *Monell* liability.  The

17  analysis to determine whether an unconstitutional "policy" as opposed to an unconstitutional

18  "custom" or "practice" differs under *Monell*.  "Liability for improper custom may not be

19  predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient

20  duration, frequency and consistency that the conduct has become a traditional method of carrying

21  out policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  However, with respect to an

22  adopted municipal policy, a single incident can serve as the basis of a *Monell* claim so long as

23  "proof of the incident includes proof that it was caused by an existing, unconstitutional municipal

24  policy, which policy can be attributed to a municipal policymaker."  *City of Okla. City v. Tuttle*,

25  471 U.S. 808, 823–24 (1985).

26  The Court first discusses whether a custom or practice has been adequately alleged.  With

27

28

Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

respect to all of the alleged customs at issue here, Plaintiff only pleads actions related to his own arrest and prosecution.  Plaintiff does not allege any facts that indicate that the Sunnyvale police force is regularly taking actions involving excessive force or unlawful arrests.  Thus, Plaintiff fails to allege that the customs, policies, and practices are "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Trevino*, 99 F.3d at 918.  Accordingly, Plaintiff fails to adequately allege a "custom" or "practice."

The Court next turns to whether Plaintiff has adequately alleged *Monell* liability based on a municipal "policy" that has been officially adopted.  Since *A.E.* and *Starr*, the allegations concerning the existence of a policy must satisfy the requirements of *Iqbal*.  As discussed above, the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and the "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *A.E.,* 666 F.3d at 636–37 (quoting *Starr,* 652 F.3d at 1216).

Multiple courts have applied this standard in the *Monell* context and found vague assertions of municipal policies to be insufficient.  For example, in *A.E.*, the Ninth Circuit found that the plaintiff had inadequately alleged a municipal policy because Plaintiff merely alleged that the county was liable under *Monell* because the officer "performed all acts and omissions . . . under the ordinances, regulations, customs, and practices of [the county]" and the county "maintained or permitted an official policy, custom, or practice of knowingly permitting the occurrence of the type of wrongs" alleged elsewhere in the complaint.  *Id.* at 637; *see also Mendy v. City of Fremont*, 2014 WL 574599, at *3 (N.D. Cal. Feb. 12, 2014) (dismissing municipal liability claim based on unsupported allegation of an "informal custom or policy that tolerates and promotes the continued use of excessive force and cruel and unusual punishment against and

26

United States District Court
Northern District of California

1  violation of civil rights of citizens by City police officers in the manner alleged [elsewhere in the

2  complaint]").

3        In contrast, multiple district courts have held that a *Monell* claim has been sufficiently pled

4  where, in addition to pleading causation of an individual officer's unconstitutional actions, the

5  complaint alleges sufficient detail about the municipal policy at issue.  For example, in *Mateos–*

6  *Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890 (N.D. Cal. 2013), a court in this district held

7  that the plaintiff adequately pled *Monell* liability by alleging that the county defendants "routinely

8  enforce" a particular provision of the California Vehicle Code by:

9          seizing and impounding vehicles on the basis that the driver does not have a
           current, valid California driver's license, including when the vehicle was not
10         presenting a hazard or a threat to public safety; keeping the vehicle [even though]
           someone was available to pay the impound fee to date, usually for the 30 day
11         period specified by [the provision]; seizing and impounding vehicles even though
           the driver has previously been licensed, whether in California or a foreign
12         jurisdiction; failing and refusing to [provide] a hearing on the justification for
           impounding the vehicle for 30 days; failing and refusing to provide notice of the
13         reason for impounding the vehicle for 30 days; and, on information and belief,
           charging an above-cost administrative fee.
14

15 *Id.* at 899–900 (alterations in original).  The court distinguished *A.E.* by observing that, unlike the

16 threadbare allegation in *A.E.*, this allegation "specif[ies] the content of the policies, customs, or

17 practices the execution of which gave rise to [their] Constitutional injuries."  *Id.* at 899; *see also*

18 *La v. San Mateo Cty. Transit Dist.*, 2014 WL 4632224, at *7–8 (N.D. Cal. Sept. 16, 2014) (finding

19 allegation of policy sufficient because the plaintiff did "not merely allege that [the defendant] has

20 a policy or custom of performing various wrongs alleged elsewhere in her complaint," but rather

21 indicated that the defendant "has a policy or custom of performing a specific adverse employment

22 action (termination) against a particular subset of employees (those who report internal

23 misconduct)").

24       Here, the policy allegations are not sufficiently specific to plead a *Monell* claim.  The

25 Court addresses each alleged policy in turn.  First, Plaintiff's allegation that Sunnyvale has a

26 policy "[t]o use or tolerate the use of excessive and/or unjustified force" is too vague to

27

28                                               27

United States District Court
Northern District of California

1  sufficiently allege a policy under *A.E.*  Indeed, because Plaintiff has brought an excessive force

2  claim, Plaintiff is essentially alleging that Sunnyvale has an "official policy, custom, or practice of

3  knowingly permitting the occurrence of the type of wrongs" alleged elsewhere in the complaint.

4  *A.E.*, 666 F.3d at 637; *see also Mendy*, 2014 WL 574599 at *3 (finding *Monell* claim insufficiently

5  pled where plaintiff alleged that defendant had an "informal custom or policy that tolerates and

6  promotes the continued use of excessive force and cruel and unusual punishment against and

7  violation of civil rights of citizens by City police officers in the manner alleged [elsewhere in the

8  complaint]").

9          Second, Plaintiff alleges that Sunnyvale has the policy of "unlawfully arrest[ing]

10  individuals without probable cause."  FAC ¶ 78.  As with the allegation concerning excessive

11  force, Plaintiff has simply taken the unlawful entry and seizure cause of action and alleged,

12  without supporting factual contentions, that Sunnyvale has a policy of engaging in such illegal

13  activity.  Plaintiff has provided insufficient detail under *A.E.* to state a claim based on this policy.

14          Finally, Plaintiff alleges that Sunnyvale has a policy to cover up unconstitutional actions

15  "by failing to properly investigate and/or evaluate complaints or incidents of excessive and

16  unreasonable force and unlawful seizures; [and] by ignoring and/or failing to properly and

17  adequately investigate and/or investigate and discipline unconstitutional or unlawful law

18  enforcement activity."  *Id.* ¶ 78.  Once again, these allegations are vague and are insufficiently

19  detailed to sufficiently allege the policy at issue.  *Sandoval*, 942 F. Supp. 2d at 899 (requiring the

20  complaint to "specify the content of the policies, customs, or practices").  As in *Mendy*, Plaintiff

21  essentially alleges that Sunnyvale has a policy of "tolerat[ing] and promot[ing] the continued use

22  of excessive force" and unlawful arrests.  *Mendy*, 2014 WL 574599 at *3.

23          Accordingly, because Plaintiff fails to sufficiently allege Sunnyvale's policies that

24  allegedly caused the constitutional violations at issue in the instant case, Plaintiff has failed to

25  establish *Monell* liability based on a custom, policy, or practice.

26                    **c.        Failure to Train**

27                                                                28

28  Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

1    The Court next turns to whether any liability arises based on Plaintiff's failure to train the

2    officers at issue in the instant case.  In order to establish that a municipality is liable under *Monell*

3    for failure to train, Plaintiffs must show that a particular training deficiency was so egregious that

4    it "amount[ed] to deliberate indifference to the rights of persons with whom the police come into

5    contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Here, the FAC contains no

6    allegations concerning Sunnyvale's alleged failure to train.  The FAC does not allege what

7    training the Sunnyvale police officers received, does not indicate that any Sunnyvale policymaker

8    was aware that the training was deficient, and, in fact, makes no mention of the Sunnyvale police

9    officers' training at all.  Therefore, Plaintiff has insufficiently alleged a "failure to train" theory of

10   *Monell* liability.

### d.    Tortfeasor Official or Policymaker Ratification

12   Plaintiff pleads that the "actions and/or omissions of Defendants[] were pursuant to

13   customs, policies, practices, and/or procedures of [Sunnyvale and Santa Clara] . . . which were

14   directed, encouraged, allowed, and/or ratified by policy making officers for [Sunnyvale and Santa

15   Clara]." FAC ¶ 78.  *Monell* liability can be established if the tortfeasor was an official who "fairly

16   represent[s] official policy" for the municipality or if such an official ratified the tortfeasor's

17   actions.  *Price*, 513 F.3d at 966.  Here, Plaintiff makes no allegation that any of the Sunnyvale

18   police officers who allegedly engaged in excessive force or unlawful seizure had policymaking

19   authority for Sunnyvale.  Additionally, Plaintiff does not identify any person with official

20   policymaking authority that ratified the actions of the officers.  Therefore, Plaintiff has

21   insufficiently alleged an "official policymaker" or ratification theory of *Monell* liability.

22   For the above reasons, the Court GRANTS the Sunnyvale Defendant's motion to dismiss

23   the *Monell* claim against Sunnyvale.  The Court provides leave to amend because Plaintiff may be

24   able to allege a more specific custom, policy, or practice or facts to support one of the other

25   theories of *Monell* liability.

### C.    Santa Clara

27

28   Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

1    Defendant brings a *Monell* claim, a *Devereaux* claim, and a malicious prosecution claim

2    against the County of Santa Clara ("Santa Clara").  As discussed above, a local government may

3    not be sued for injuries inflicted solely by its employees or agents.  *Monell*, 436 U.S. at 691.

4    Accordingly, although Plaintiff brings separate *Monell*, *Devereaux*, and malicious prosecution

5    claims against Santa Clara, all three of the claims require Plaintiff to satisfy the requirements of

6    *Monell*.  The Court addresses these claims jointly.

7    Under *Monell*, to establish municipality liability, Plaintiff must plead either that (1) the tort

8    resulted from a custom, policy, or practice, (2) the tortfeasor was an official who "fairly

9    represent[s] official policy," (3) an official with policymaking authority ratified the tortfeasor's

10   actions, or (4) the municipality failed to adequately train the tortfeasors.  *Price*, 513 F.3d at 966.

11   Moreover, a plaintiff must demonstrate that the government's official policy or custom was the

12   "moving force" responsible for the infliction of the plaintiff's injuries.  *Monell*, 436 U.S. at 694.

13   The Court addresses each type of *Monell* claim in turn.

14   First, with respect to a custom, policy, or practice, Plaintiff alleges customs, policies, and

15   practices involving excessive force, unlawful arrest, and officer falsification of evidence.  FAC

16   ¶ 78.  Each of these alleged customs, policies, or practices relate to actions taken by police

17   officers.  *Id.*  However, all of the actions allegedly taken by police officers in the FAC involved

18   Sunnyvale police officers, rather than Santa Clara police officers.  Indeed, no Santa Clara police

19   officer is even mentioned in the FAC.  Thus, Plaintiff has failed to allege that any of Santa Clara's

20   alleged customs, policies, or practices caused harm to Plaintiff.  *Monell*, 436 U.S. at 694 (holding

21   that a plaintiff must demonstrate that the municipality's official policy or custom was the "moving

22   force" responsible for the infliction of the plaintiff's injuries).

23   Second, Plaintiff has not alleged that any official with policymaking authority for Santa

24   Clara was the tortfeasor responsible for the actions underlying the *Monell*, *Devereaux*, or

25   malicious prosecution claims, or that any official with policymaking authority for Santa Clara

26   ratified the tortfeasor's actions.  Plaintiff does allege that the District Attorney, a Santa Clara

27

28   Case No. 16-CV-02250-LHK
     ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
     DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

United States District Court
Northern District of California

30

United States District Court
Northern District of California

1    employee, falsely alleged that Plaintiff engaged in false 911 calls.  FAC ¶ 41.  However, the

2    District Attorney is not an official with policymaking authority for Santa Clara because the

3    District Attorney is a state rather than county official "for the purpose of investigating and

4    proceeding with criminal prosecutions."  *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1030 (9th Cir.

5    2000).  Thus, the District Attorney is not an official with policymaking authority for Santa Clara

6    with respect to the claims here, which solely involve actions he took while "investigating and

7    proceeding with [the] criminal prosecution[]."  *Id.*  Additionally, the FAC does not allege facts

8    that would indicate that an official with policymaking authority ratified the District Attorney's

9    actions.

10        Plaintiff also alleges that Plaintiff's public defender made false statements by asserting that

11   Officer Lima was not present during Plaintiff's December 12, 2012 arrest.  FAC ¶ 43.  However,

12   Plaintiff makes no allegation that his public defender was an official with policymaking authority

13   for Santa Clara.  Moreover, the FAC does not allege that an official with policymaking authority

14   ratified the public defender's decisions.  Accordingly, because the District Attorney and the public

15   defender do not have policymaking authority for Santa Clara, and there is no allegation that an

16   individual with policymaking authority ratified their decisions, their alleged actions do not serve

17   as the basis for *Monell* liability against Santa Clara.

18        Third, Plaintiff makes no allegation that Santa Clara failed to train any of its officials.

19   Therefore, a failure to train cannot serve as the basis of Santa Clara's liability under *Monell*.

20        Accordingly, the Court GRANTS Santa Clara's motion to dismiss in its entirety.[4]  The

21

22   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [4] In Plaintiff's response to Santa Clara's motion to dismiss, Plaintiff responds by raising a number
23   of factual allegations not present in the FAC.  For example, Plaintiff alleges that Santa Clara and
     Plaintiff's public defender conspired with one another, that the presiding judge in Plaintiff's case
24   revoked Plaintiff's bail to cover up the police brutality in the case, that Plaintiff's public defender
     did not adequately investigate the case, and that Plaintiff was mistreated while he was in jail.
25   Santa Clara Resp. at 2–5.  On a motion to dismiss, the Court only considers facts pled in the
     complaint.  *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984) ("It is
26   axiomatic that the complaint may not be amended by briefs in opposition to a motion to
     dismiss.").  The facts cited in Plaintiff's response to Santa Clara are not pled in the FAC and,
27   therefore, do not prevent dismissal of the FAC.

                                                       31

28   Case No. 16-CV-02250-LHK
     ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
     DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

1   Court provides leave to amend because Plaintiff may be able to allege *Monell* liability.

2       **D.**    **Damages**

3       The Sunnyvale Defendants argue that the prayer for punitive damages against Sunnyvale

4   and the prayer for attorney's fees should be dismissed.  The United States Supreme Court has held

5   that a "municipality is immune from punitive damages under 42 U.S.C. § 1983."  *Newport v. Fact*

6   *Concerts*, 453 U.S. 247, 271 (1981).  Accordingly, with respect to the prayer for punitive damages

7   against Sunnyvale, the Court GRANTS the Sunnyvale Defendants' motion to dismiss with

8   prejudice as to Sunnyvale (but not Officer Lima).  The Court does not provide leave to amend

9   because, in accordance with the United States Supreme Court precedent in *Newport*, amendment

10   would be futile.

11       With respect to the prayer for attorney's fees, Plaintiff, who is *pro se*, will not be eligible

12   for attorney's fees should he prevail.  *Kay v. Ehler*, 499 U.S. 432, 437–38 (1991) (refusing to

13   award attorney's fees to a *pro se* litigant in a § 1983 case).  Accordingly, Defendant's motion to

14   dismiss is GRANTED.  However, because Plaintiff may decide to hire an attorney during the

15   course of the instant case, which, if Plaintiff prevails, may allow an award of attorney's fees for

16   the attorney's work, *see* 42 U.S.C. § 1988 (awarding attorney's fees to "prevailing party"), the

17   dismissal is without prejudice.

18   **IV.**    **CONCLUSION**

19       For the foregoing reasons, the Court rules as follows:

20       •   With respect to Officer Lima, the Court GRANTS with leave to amend the

21           Sunnyvale Defendants' motion to dismiss as to Plaintiff's claims for unlawful entry

22           and seizure (Claim 1), deliberate falsification of evidence under *Devereaux* (Claim

23           4), and malicious prosecution (Claim 5).  The Court DENIES the Sunnyvale

24           Defendants' motion to dismiss as to Plaintiff's claim for excessive force (Claim 2).

25           The Court GRANTS leave to add additional parties as to Plaintiff's claims for

26           unlawful entry and seizure (Claim 1) and excessive force (Claim 2).

27

28   Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS

*United States District Court*
*Northern District of California*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

- With respect to Sunnyvale and Santa Clara, the Court GRANTS with leave to amend their motions to dismiss as to all of Plaintiff's claims.
- With respect to damages, the Court GRANTS with prejudice the Sunnyvale Defendants' motion to dismiss the prayer for punitive damages against Sunnyvale. The Court GRANTS without prejudice the Sunnyvale Defendants' motion to dismiss the prayer for attorney's fees.

Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within twenty-one (21) days of the date of this Order.  Failure to meet the twenty-one day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims.  Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: January 24, 2017

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

33

Case No. 16-CV-02250-LHK
ORDER GRANTING COUNTY OF SANTA CLARA'S MOTION TO DISMISS AND GRANTING IN PART AND
DENYING IN PART CITY OF SUNNYVALE AND OFFICER LIMA'S MOTION TO DISMISS