UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE S. BAGLEY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SUNNYVALE, et al.,<br><br>    Defendants. | Case No. 16-cv-02250-JSC<br><br>**ORDER RE: DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 70 |

Plaintiff Lee Scott Bagley alleges violation of his civil rights during and after his December 22, 2012 arrest. Defendants, the City of Sunnyvale (the "City") and various Sunnyvale Police Officers (collectively "Officer Defendants"), collectively referred to herein as Defendants, have moved to dismiss Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim. (Dkt. No. 70.) Plaintiff brings three claims for relief: (1) excessive force as to the Officer Defendants; (2) a *Devereaux* claim for falsification of police reports; and (3) a *Monell* claim against the City. (Dkt. No. 66.) After carefully considering the papers filed by the parties, and having the benefit of oral argument on July 13, 2017, Defendants' motion is GRANTED in part and DENIED in part as stated on the record and confirmed below.

**DISCUSSION**

**I. Plaintiff's Excessive Force Claim**

Plaintiff claims excessive force against all of the Officer Defendants, but Defendants have only moved to dismiss the claims against Defendants Himenes, Wilkes, Winkleman, Isaacs, Doss, and Sartwell. Plaintiff alleges that these Officer Defendants, except Lieutenant Sartwell, were outside of his home "securing the perimeter" at the time the excessive force occurred. (SAC ¶ 33.) Plaintiff nonetheless seeks to hold them liable for actions that occurred inside the home and

outside their presence based on a theory of either integral participation or failure to intercede.

Liability under Section 1983 arises based on an officer's "integral participation" in the alleged violation. *See Chuman v. Wright*, 76 F.3d 292, 294–95 (9th Cir.1996). The integral participation standard "does not require that each officer's actions themselves rise to the level of a constitutional violation. [] But it does require some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 492 n.12 (9th Cir. 2007) (citing *Boyd v. Benton Cnty.*, 374 F.3d 773, 780 (9th Cir. 2004)). Alternatively, officers have a "duty to intercede" if they have an opportunity to intercede "when their fellow officers violate the constitutional rights of a suspect or other citizen." *Monteilh v. Cty. of Los Angeles*, 820 F. Supp. 2d 1081, 1092 (C.D. Cal. 2011) (internal citations omitted). Both theories of liability depend on an officer's active participation in or knowledge of the alleged constitutional violations. *See Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002) (noting that "merely [] being present at the scene of an alleged unlawful act" is insufficient for integral participation); *Monteilh*, 820 F. Supp. 2d at 1092 (holding that an officer only has a duty to intercede if they "know or have reason to know of the constitutional violation.").

As stated at oral argument, Plaintiff has failed to plead any facts which suggest that Officer Defendants Himenes, Wilkes, Winkleman, Isaacs, and Doss, who were outside of his home securing the perimeter during the excessive force incident, were either active participants in the use of excessive force or that they knew that their fellow officers were engaged in the alleged constitutional violation. Accordingly, the claims against these Officer Defendants are dismissed without leave to amend.

With respect to Lieutenant Sartwell, Plaintiff alleges that he "was [] in [Plaintiff's] home at the time of the attack," but Plaintiff has not alleged that Lieutenant Sartwell was in same room as the other officers when the excessive force incident occurred or that he otherwise had knowledge of the alleged constitutional violation. (SAC ¶ 28.) The excessive force claim is therefore dismissed as to him as well. However, to the extent that Plaintiff can allege additional facts as to Lieutenant Sartwell's knowledge or proximity to the incident, Plaintiff is granted leave to amend his claim as to Lieutenant Sartwell to include such allegations.

## II. The *Devereaux* Claim

Plaintiff's second claim for relief alleges that Officer Defendants Lima, Pistor, Gottfred, Kassel, and Larkin falsified their police reports regarding the incident. "A *Devereaux* claim is a claim that the government violated the plaintiff's due process rights by subjecting the plaintiff to criminal charges based on deliberately-fabricated evidence." *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015). While Plaintiff alleges that Officer Defendants Lima, Pistor, Gottfred, Kassel, and Larkin falsified their police reports regarding the incident, Plaintiff has failed to allege that these falsifications (to the extent any are identified) resulted in his prosecution for resisting arrest. Even if Plaintiff could allege such causation, his *Devereaux* claim may be barred by *Heck v. Humphrey*. 512 U.S. 477, 486 (1994) (holding that a plaintiff may not recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she can prove that the conviction or sentence has been overturned, expunged or declared invalid). Thus, the Court grants Defendants' motion to dismiss Plaintiff's *Devereaux* claim with leave to amend to the extent that Plaintiff can adequately plead such a claim and can do so in good faith in light of the potential *Heck* bar.

## III. The *Monell* claim

Plaintiff's third claim for relief is a *Monell* claim against the City. To state a *Monell* claim, a plaintiff must allege facts showing (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see also AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("[P]laintiffs must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered.") (citation omitted). "Statistics of unsustained complaints of excessive force and other police misconduct, without any evidence that those complaints had merit, does not suffice to establish municipal liability under § 1983." *Hocking v. City of Roseville*, No. 06-0316, 2008 WL 1808250, at *5 (E.D. Cal. Apr. 22, 2008).

Here, Plaintiff has pled two theories of *Monell* liability: (1) that there is an official policy,

custom, or practice of excessive force by the City's officers, and (2) a failure to train officers. Plaintiff has not adequately pled facts to establish either claim. However, Plaintiff alleges that he "personally knows of at least five or six people who were arrested and handcuffed by Sunnyvale police officers, and then bitten by police K9 dogs." (SAC ¶ 53.) The Court grants Plaintiff leave to amend to the extent he can in good faith plead additional facts as to these dog bite incidents that would show a custom or practice of excessive force regarding use of K9s or a failure to train regarding the use of force and K9s.

**IV. Prayer for Punitive Damages**

Defendants also move to dismiss Plaintiff's claim for punitive damages against the City which Judge Koh previously dismissed with prejudice. (Dkt. No. 56 at 32.) Plaintiff's opposition brief concedes that he does not seek punitive damages against the City and only seeks punitive damages against the Officer Defendants. (Dkt. No. 83 at 20-21.) Accordingly, the motion to dismiss the punitive damages claim is GRANTED as to the City.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART, as follows:

1) Defendants' motion to dismiss Plaintiff's excessive force claim is GRANTED without leave to amend as to Officer Defendants Himenes, Wilkes, Winkleman, Isaacs, Doss, and GRANTED with leave to amend as to Lieutenant Sartwell;

2) Defendants' motion to dismiss Plaintiff's *Devereaux* claim against Officer Defendants Lima, Pistor, Gottfred, Kassel and Lieutenant Larkin is GRANTED with leave to amend;

3) Defendants' motion to dismiss Plaintiff's *Monell* claim is GRANTED with leave to amend.

4) Defendants' motion to dismiss Plaintiff's prayer for punitive damages is GRANTED as to the City without leave to amend.

5) Any amended complaint shall be filed within 30 days of the date of this Order.

The previously scheduled Case Management Conference remains on calendar for August 10, 2017.

4

This Order disposes of Docket No. 70.

**IT IS SO ORDERED.**

Dated: July 17, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge